**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| COUNTRYMAN NEVADA, LLC, | ) |
| | ) |
|     Plaintiff, | ) Case No.: 14-cv-1386 |
| | ) |
| v. | ) |
| | ) Judge Virginia M. Kendall |
| DOES 1 – 36, | ) |
| | ) |
|     Defendants. | ) |

## STATUS REPORT

Pursuant to the Court's Minute Order of August 26, 2014, Plaintiff's counsel submits this Status Report, prepared solely by Plaintiff's counsel because no Defendant remaining in this case is represented by counsel. The current status of all Doe Defendants is included in Section D on page 3.

    A.  <u>Nature of the Case</u>

        1.  <u>Attorneys of Record</u>. Plaintiff's attorneys of record are Michael A. Hierl and Todd S. Parkhurst (co-counsel).

        Attorney Erin Russell has filed appearances for Doe Nos. 14 and 27. Both of those individuals were dismissed with prejudice by Minute Order on May 12, 2014 [ECF 15].

        2.  <u>Basis of Federal Jurisdiction</u>. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 17 U.S.C.§101 et seq. and 28 U.S.C. §§1331 and 1338(a).

        3.  <u>Plaintiff's Claims</u>. Plaintiff alleges that Defendants infringed its exclusive rights in the copyrighted motion picture at issue by computer-based peer-to-peer file transfer. In particular, Plaintiff alleges that Defendants used a BitTorrent file transfer protocol to reproduce and distribute the copyrighted motion picture to and among third parties. No answer has been filed and no counterclaims are

pending.

4. <u>Principal Legal and Factual Issues</u>. Whether or not each Defendant has infringed the federally registered copyright in the copyrighted motion picture at issue and the appropriate damages for that infringement.

5. <u>Relief Sought by Plaintiff</u>. Judgment against Defendants for willful violation of Plaintiff's federally registered copyright, actual or statutory damages, an order of impoundment concerning all infringing copies of Plaintiff's copyrighted work in Defendants' possession or control, attorney fees, litigation expenses and costs, and such further declaratory and injunctive relief as may be just and proper.

6. <u>Service of Process</u>. As indicated below, Plaintiff is attempting to resolve matters through settlement on a confidential basis. However, Plaintiff is prepared to serve any Doe Defendants not already dismissed as directed by the Court.

B. <u>Proceedings to Date</u>

1. Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference was granted on March 20, 2014. Subpoenas were served on the relevant Internet Service Providers (ISPs) and responses from certain ISPs have been received.

C. <u>Discovery and Case Plan</u>

1. The names of the Defendants were unknown to Plaintiff when the complaint was filed. Each Defendant was known to Plaintiff by the Internet Protocol ("IP") address assigned to that Defendant by the respective Internet Service Provider and the date and the time when the infringing activity of each Defendant was observed. Plaintiff used geolocation technology to trace the

-2-

IP addresses of each Defendant to a point of origin within the State of Illinois. Information obtained during discovery has identified certain Defendants by name and address.

2.   Plaintiff does not anticipate that discovery will include electronically stored information.

3.   A proposed scheduling order may not be necessary at this point as no Defendant has answered the Complaint.

4.   Plaintiff has made a Jury Demand.

5.   Plaintiff has requested a jury trial, which would probably last 2-4 days.  In view of ongoing discovery and settlement negotiations, it is premature to determine when the parties will be ready for trial.  Moreover, to date, appearances have been filed for only two Defendants, both of whom have been dismissed [see A.1. above].

D.   <u>Settlement</u>

1.   There are 36 Doe defendants in this case.  Plaintiff has dismissed Doe Nos. 5, 9, 14, 21, 23, 27, 30 and 33.  Settlements are pending as to at least Doe Nos. 3, 6, 17, 18 and 25.  Settlement demands have been made with regard to the remaining Doe Defendants and negotiations are ongoing.

2.   Plaintiff does not request a settlement conference.

E.   <u>Magistrate Judge</u>

Plaintiff consents to proceeding before a Magistrate Judge.  However, no counsel for any Defendant remaining in this case has filed an Appearance.

Respectfully submitted,


Dated: September 5, 2014                COUNTRYMAN NEVADA, LLC


By:      s/ Michael A. Hierl_____ _
         Michael A. Hierl (Bar No. 3128021)
         Todd S. Parkhurst (Bar No. 2145456)
         Karyn L. Bass Ehler (Bar No. 6285713)
         Hughes Socol Piers Resnick & Dym, Ltd.
         Three First National Plaza
         70 W. Madison Street, Suite 4000
         Chicago, Illinois 60602
         (312) 580-0100 Telephone
         (312) 580-1994 Facsimile
         mhierl@hsplegal.com

         Attorneys for Plaintiff
         Countryman Nevada, LLC

## <u>CERTIFICATE OF FILING</u>

      The undersigned attorney hereby certifies that a true and correct copy of the foregoing Status Report was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system on September 5, 2014.

                    s/Michael A. Hierl